IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES C. DAVIS, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-1232-B-BK |
| | § | |
| V.A. HOSPITAL, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Plaintiff's motion to proceed *in forma pauperis* but did not issue process. Doc. 6. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On May 21, 2024, James C. Davis, filed a *pro se* complaint against the Department of Veterans Affairs (VA), the VA Hospital in Dallas, and the VA Waco Regional Office. Doc. 3. His allegations are rambling, difficult to decipher, and largely nonsensical. Doc. 3 at 1. He alleges *in toto*:

> The V.A. Hospital mental Health defamated my Character and Records Set me up to be ASSAulted by V.A. police, 8 V.A. police Held me down while two needles of thorizine was Administered to knock me out. and placed me in A Room and INJected mites INto my Ear. my Left Ear and when i tell my V.A. physicans I need meds to stop the mites from Laying Eggs and Breedin and under my skin I get No proper Response (the Female mite Bores under your Skin to Lay Her Eggs.) I only get Topical creams from V.A. I Asked several Times, to No Avail Because this is one of the WAys murder is commited By VA. physicans, And especially mental Hygene staff. I was All out of the Blue deemed incompatent to Handle my VA Funds. told to go to 4th floor Dallas V.A. to speak to MHC. As Soon As I walked on to the Lockdown unit, I saw blue lights Flashing And VA. police 3 At first and then 5 more, 8 Total Assaulted me, Held me down.

Doc. 3 at 1. As best the Court can glean, Davis contends Defendants defamed his character, placed false statements in his medical records, assaulted him, injected mites into his left ear, and failed to provide him adequate medication to stop the mite infestation. Davis also complains that the VA found him incompetent to handle his VA funds. In the civil cover sheet, Davis describes his cause of action as "medical malpractice/ assault/slander," and seeks $250,000 in damages. Doc. 3 at 2.

As detailed below, Davis fails to present a cognizable federal claim and his factual contentions are both delusional and deficient. He also reasserts some of his previous claims before this Court.[1] Thus, this action should be dismissed as frivolous.

**II. ANALYSIS**

Davis' complaint is subject to review for frivolousness under 28 U.S.C. § 1915(e)(2)(B). That statute provides *inter alia* for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do

---

[1] In a 2014 *pro se* action filed in this Court, Davis alleged claims for defamation of character, false statements in his medical reports, and an incorrect determination about his competency status. In 2017, the action was dismissed without prejudice for lack of subject matter jurisdiction. *Davis v. Dep't of Veterans Affs.*, No. 3:14-CV-1725-G-BH, 2016 WL 7665880, at *1 (N.D. Tex. Dec. 8, 2016), rec. adopted, 2017 WL 76913 (N.D. Tex. Jan. 9, 2017).

justice."). Even under this most liberal construction, however, Davis has failed to state a viable legal claim or anything that can be construed as such. Moreover, as illustrated here, his factual contentions appear irrational and incredible and, thus, inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33.

Consequently, Davis' complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend the complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here, Davis has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Davis could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Davis' complaint should be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on June 5, 2024.

_/s/ Renee Harris Toliver_
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).